IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY SARGENT, | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 99-B-2805-S |
| JEFFERSON COUNTY EMERGENCY MANAGEMENT AGENCY, | } |
| Defendant. | } |

**MEMORANDUM OPINION**

Currently before the court is a Motion for Summary Judgment filed by Defendant Jefferson County Emergency Management Agency ("defendant" or "EMA"). At issue is a federal claim Plaintiff Tracy Sargent ("plaintiff" or "Sargent") asserts pursuant to 42 U.S.C. § 1985(3).[1] Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's motion is due to be granted.

**I. SUMMARY OF FACTS**

During August 1997, plaintiff began working for defendant. (Compl. ¶ 6; DX A at 16.)[2] According to plaintiff, her immediate supervisor Allen Kniphfer's conduct towards her was sexually harassing. (DX A at 69, 70.) Plaintiff testified that the harassment began in the summer of 1997 and continued up until December 1998 when plaintiff left her employment.

---

[1] The court previously dismissed plaintiff's only other claim for relief brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 2000e, *et seq.*

[2] The evidence attached to defendant's Motion for Summary Judgment will be referenced as "DX" followed by the corresponding tab letter.



(DX A at 71.) On January 14, 1998, at the request of Woody Odom, plaintiff sent him a memo outlining the harassing incidents. (DX A at 79; *see* DX F.) Plaintiff did not think Odom took adequate steps to address Kniphfer's conduct. (DX A at 69, 70.)

On April 23, 1998, plaintiff sent a memorandum to Mary Buckelew, Chairperson of the Jefferson County Emergency Management Agency Mayors' Council ("Mayors' Council").[3] (*See* DX H.) In the memo, plaintiff complained of Kniphfer's conduct and treatment of her and stated that her efforts to resolve the matter with Kniphfer and Odom had been fruitless. (*See id.*) At Buckelew's request, Jefferson County Employee Relations Officer Brenda Digges conducted an investigation. (*See* DX I at 1.) Digges reported that she spoke with plaintiff "to determine who might have witnessed these incidents." (*Id.*) According to Digges, "[t]wo female co-workers named by Ms. Sargent as witnesses denied that Mr. Kniphfer had ever made any types of inappropriate remarks to them and denied hearing inappropriate remarks made to Ms. Sargent." (*Id.* at 2.) A male coworker corroborated some of the alleged incidents. (*Id.*) According to Digges, "Kniphfer readily admitted to the incidents described in Ms. Sargent's memorandum, including some incidents which [she] had been unable to corroborate." (*Id.* at 3.) Digges concluded "that while the behavior does not rise to the level of sexual harassment, it certainly is inappropriate, especially for a supervisor." (*Id.* at 4.)

On December 28, 1998, plaintiff sent Odom a memo informing him that January 8, 1998, would be her last day. (*See* DX K.)

---

[3] The EMA Mayors' Council manages the EMA. (*See* Def.'s Position Statement at 3.) The President of the Jefferson County Commission has served as the Chairperson of the Mayors' Council since 1993. (*See id.*)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgement, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## III. DISCUSSION

Plaintiff brings this action against defendant pursuant to 42 U.S.C. § 1985(3) alleging a conspiracy between Jefferson County and the EMA.[4] (Mot. Am. Compl. ¶ 4.) Defendant

---

[4] § 1985(3) states in pertinent part:
> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person

3

contends that plaintiff has failed to produce sufficient evidence by which a reasonable fact-finder could conclude that any of the elements of a section 1985(3) action have been met. (*See* Def.'s Brief at 4-8.) "The elements of a cause of action under § 1985(3) . . . are '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) (quoting *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S.825, 828-29 (1983), other citations omitted).

"In order to establish a § 1985(3) conspiracy claim, [plaintiff] must show an agreement between 'two or more persons' to deprive him of his civil rights." *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000) (citing 42 U.S.C. § 1985(3)). "The existence of a conspiracy may be proven by circumstantial evidence . . . ." *Arnold v. Bd. of Educ. of Escambia County, Ala.*, 880 F.2d 305, 317 (11th Cir. 1989). Because plaintiff has presented no evidence of a conspiracy satisfying the first element of section 1985(3) claim, defendant is entitled to

---

> or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising a right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

judgment as a matter of law.

Plaintiff contends that Kniphfer's conduct along with Odom's failure to intervene forms the basis of her lawsuit. (DX A at 69, 70.) This allegation is insufficient to form the basis of a section 1985(3) claim. First, there is no evidence of either an express or implied agreement between Allen and Odom to do anything, much less an agreement to deprive plaintiff of her civil rights. Second, even if there were such an agreement, the Eleventh Circuit has ruled that EMA's liability cannot be predicated on it. "Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation." *Dickerson*, 200 F.3d at 767. This doctrine is applicable to government entities as well as private corporations. *Id.* Because it is undisputed that Kniphfer and Odom were both employees of EMA and both were acting as EMA's agents during all dealings involving plaintiff, their conduct cannot serve as a basis for holding EMA liable under section 1985(3).

Plaintiff contends that her basis for recovery under section 1985(3) is "founded upon the conspiracy between [Jefferson] County and the EMA . . . ." (Mot. Am. Compl. ¶ 4.) According to plaintiff, "Jefferson County employees were charged with investigating and properly resolving plaintiff's claims arising from the harassing conduct of the EMA employee." (Pl.'s Brief at 2-3.) Plaintiff argues that "[s]ince the hostile conduct continued after the report and investigation, the two entities together did not properly respond to or resolve plaintiff's allegations." (*Id.* at 3.)

Although Jefferson County was involved in the investigation and resolutions of plaintiff's complaints against Kniphfer, there is no evidence of an agreement between Jefferson County and the EMA to deprive plaintiff or anyone else of his or her civil rights. Even if

5

Kniphfer's hostile conduct continued after Jefferson County employees began investigating plaintiff's complaints of harassment as plaintiff claims, there is still not sufficient evidence by which a reasonable jury could conclude that Jefferson County and the EMA agreed to deprive plaintiff of her civil rights. Therefore, because plaintiff has not presented sufficient evidence on which a reasonable jury could conclude that a conspiracy existed, defendant is entitled to judgment as a matter of law on plaintiff's section 1985(3) claim.

## IV. CONCLUSION

For the reasons stated herein, the court is of the opinion that defendant's motion for summary judgment is due to be granted. Defendant is entitled to judgment as a matter of law on plaintiff's 42 U.S.C. § 1985(3) claim. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 30th day of July, 2002.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge